**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON**

| | |
|---|---|
| JONAS SYLVESTER, | |
| Plaintiff, | Case No. |
| v. | **COMPLAINT** |
| STOLTZ MANAGEMENT OF DELAWARE, INC., d/b/a STOLTZ REAL ESTATE PARTNERS, KEITH STOLTZ, and KYLE STOLTZ, | **JURY DEMAND** |
| Defendant. | |

## I.     NATURE OF ACTION

1.1     Plaintiff Jonas Sylvester, the former President of defendant Stoltz Management of Delaware, Inc., d/b/a Stoltz Real Estate Partners, brings this action for breach of contract and failure to pay wages due under Washington law against his former employer with respect to the $2.1 million severance payment to which he is entitled under his employment agreement. He also brings claim against the Company for failing to pay him his $700,000 annual bonus in violation of his contract and/or the duty of good faith and fair dealing. He further brings claims against the Company, its Chief Executive Officer ("CEO") Keith Stoltz, and its Chief

COMPLAINT- 1
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

Operating Officer ("COO") Kyle Stoltz for willful withholding of wages in violation of Washington law.

## II.    JURISDICTION AND VENUE

2.1    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C § 1332 because the parties are citizens of different states and the amount exceeds the sum of $75,000 exclusive of interest and costs.

2.2    Venue properly rests with this Court pursuant to 28 U.S.C. § 1391(b)(2).

## III.    PARTIES

3.1    Plaintiff Sylvester is a citizen of the State of Washington.

3.2    Defendant Stoltz Management of Delaware, Inc., ("SMDI"), d/b/a/ Stoltz Real Estate Partners is incorporated in Delaware with its principal place of business in Pennsylvania.

3.3    The citizenship of defendant Keith Stolz is unknown, but it is known that he is not a citizen of Washington. At all times relevant to this Complaint, he was either CEO of the Company or co-CEO.

3.4    On information in belief, defendant Kyle Stoltz is a citizen of Pennsylvania. He is not a citizen of Washington. At all times relevant to this Complaint, he was COO and/or co-CEO of the Company.

## IV.    FACTS

4.1    On December 27, 2021, SMDI offered Mr. Sylvester in writing employment as Company President at an annual salary of $700,000 with a start date of January 31, 2022. The offer letter stated he would report to defendants Keith and Kyle Stoltz.

4.2    The December 27, 2021, offer letter also provided Mr. Sylvester would receive a $700,000 annual bonus at the end of each 12-month period of employment.

COMPLAINT- 2
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

4.3     The December 27, 2021, offer letter further provided that if Mr. Sylvester were terminated without cause during the first 18 months of his employment, SMDI would be obligated to pay him $2,100,000 over the 24 months following his start date in accordance with his compensation package (base and bonus schedule).

4.4     Mr. Sylvester accepted the terms of December 27, 2021, offer letter on January 4, 2022.

4.5     Although Mr. Sylvester's December 27, 2021, offer letter provided that the start date of his employment with SMDI would be January 31, 2022, he performed substantial work for the Company before that date and prior to January 14, 2022. This work included, but was not limited to, reviewing offering memoranda, meeting in person with architects to review potential redevelopment plans, outlining feasibility studies, and reviewing the resumes of and interviewing potential SMDI hires. His SMDI email account was activated on January 5, 2022.

4.6     At all times during his employment with SMDI, Mr. Sylvester resided in Seattle, Washington. Mr. Sylvester frequently worked for SMDI from his home in Seattle. He also frequently worked for SMDI while in Nashville, Tennessee. He very infrequently worked for SMDI in Pennsylvania.

4.7     Mr. Sylvester's December 27, 2021, offer letter provided he would receive an evaluation after 90 days of employment and then annually. Mr. Sylvester did not receive an evaluation after 90 days of employment. Mr. Sylvester did not receive a performance evaluation at any time during his employment with SMDI.

4.8     On Saturday January 14, 2023, he was terminated without warning as President of SMDI. He was informed his last day of work was January 13.

COMPLAINT- 3
Case No.

4.9     On January 14, 2023, Kyle Stoltz emailed Mr. Sylvester a letter directed to his Seattle home address claiming that SMDI was terminating Mr. Sylvester for cause effective immediately. The letter stated: "In the coming week, you will receive a letter from SMDI's counsel outlining the basis of SMDI's termination of your employment for cause."

4.10    Kyle Stolz's January 14, 2023, letter offered to pay the $700,000 annual bonus payable to Mr. Sylvester on or about January 31, 2023, had he remained employed with the Company in exchange for a release of claims. The January 14, 2023, letter gave Mr. Sylvester until 5 p.m. EST on Monday January 16, 2023—which was the Dr. Martin Luther King Jr. holiday—to accept the offer.

4.11    Signing the proposed release would have barred Mr. Sylvester from bringing a claim for the $2.1 million severance payment provided for in the December 27, 2021, offer letter. Mr. Sylvester rejected the offer to be paid his annual bonus in exchange for releasing his claim to severance.

4.12    Contrary to the representation in the letter of January 14, 2023, SMDI's counsel never sent a letter "outlining the basis" of SMDI's termination of Mr. Sylvester allegedly for cause. Nor has SMDI otherwise communicated the alleged basis of Mr. Sylvester's termination for cause.

4.13    The next SMDI payroll period following Mr. Sylvester's January 14, 2023, termination ended on January 15, 2023.

4.14    Mr. Sylvester has not received his $700,000 annual bonus or any payments towards the $2.1 million severance payment due under the December 27, 2021, offer letter.

## V.    FIRST CAUSE OF ACTION: BREACH OF CONTRACT
### (DEFENDANT SMDI)

5.1     Plaintiff incorporates paragraphs 1.1-4.14 as if set forth herein.

COMPLAINT- 4
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711

5.2     The December 27, 2021, offer letter from SMDI to Plaintiff Sylvester constituted an enforceable unilateral employment contract.

5.3     At no time during his employment with SMDI, or afterwards, was Plaintiff Sylvester informed of any basis for the termination of his employment allegedly with cause.

5.4     SMDI terminated Plaintiff Sylvester's employment as Company President on January 14, 2023, without cause.

5.5     SMDI has breached its contractual obligation under the December 27, 2021, offer letter to pay Plaintiff Sylvester $2,100,000 in severance over the 24 months following his start date in accordance with his compensation package.

5.6     Because Mr. Sylvester began employment with SMDI before January 14, 2022, SMDI was contractually obligated prior to his January 14, 2023, termination to pay his $700,000 annual bonus. SMDI's failure to do so breached the December 27, 2021, offer letter.

## VI.     SECOND CAUSE OF ACTION: BREACH OF DUTY OF GOOD FAITH AND FAIR DEALING
### (DEFENDANT SMDI)

6.1     Plaintiff incorporates paragraphs 1.1-5.6 as if set forth herein.

6.2     Under Washington law the parties to an at-will employment contract have a duty to cooperate with each other so that each may obtain the full benefit of performance of the express terms of the contract.

6.3     The December 27, 2021, offer letter provided Plaintiff Sylvester would receive an annual bonus of $700,000 on the 12-month anniversary of his employment with SMDI.

6.4     The 12-month anniversary of Plaintiff's Sylvester's employment with SMDI was no later than January 31, 2023.

COMPLAINT- 5
Case No.

6.5     Defendant SMDI's termination of Plaintiff's Sylvester's employment on January 14, 2023, without cause breached its duty of good faith and fair dealing with respect to the payment of Plaintiff's Sylvester's annual bonus.

6.6     As a direct and proximate result of Defendant SMDI's breach of its obligations of good faith and fair dealing under the December 27, 2021, offer letter, Plaintiff Sylvester has been damaged in amount no less than $700,000.

## VII.    THIRD CAUSE OF ACTION: VIOLATION OF RCW 49.48.010
### (DEFENDANT SMDI)

7.1     Plaintiff incorporates paragraphs 1.1-6.6 as if set forth herein.

7.2     RCW 49.48.010 requires an employer to pay all wages due to a terminated employee by the end of the next established pay period.

7.3     The next established pay period following the termination of Plaintiff Sylvester's employment ended on January 15, 2023.

7.4     The payments due to Plaintiff Sylvester under the December 27, 2021, offer letter constitute wages within the meaning of RCW 49.48.010.

7.5     Defendant SMDI's failure to provide Plaintiff Sylvester all wages due to him under the December 27, 2021, offer letter by the end of next established pay period following his termination violated RCW 49.48.010.

## VIII.    FOURTH CAUSE OF ACTION: VIOLATION OF RCW 49.52.050

8.1     Plaintiff incorporates paragraphs 1.1-7.5 as if set forth herein.

8.2     RCW 49.52.050 prohibits any employer, officer, vice-principal, or managing agent from willfully withholding wages due in accordance with a contract or statute.

8.3     The payments due to Plaintiff Sylvester under the December 27, 2021, offer letter constitute wages within the meaning of RCW 49.52.050.

COMPLAINT- 6
Case No.

8.4     Defendants Keith and Kyle Stoltz are each an officer, vice-principal, or managing agent of Defendant SMDI within the meaning of RCW 49.52.050 and had authority over the payment of the wages due to Plaintiff Sylvester.

8.5     Defendants' willful withholding of the wages due to Plaintiff Sylvester under the December 27, 2021, offer letter violated and continues to violate RCW 49.52.050.

8.6     RCW 49.52.070 provides that the remedy for a violation of RCW 49.52.050 is payment of twice the wages wrongfully withheld.

## IX     REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

A.     Unpaid wages in an amount to be proved at trial;

B.     Double damages pursuant to RCW 49.52.070;

C.     *Blaney* relief;

D.     Prejudgment interest;

G.     Attorneys' fees and costs; and

H.     Such other and further relief as the Court deems just and proper.

Dated this 17th day of March 2023

FRANK FREED SUBIT & THOMAS LLP

By: */s/ Michael C. Subit*
Michael C. Subit, WSBA No. 29189
705 Second Avenue, Suite 1200
Seattle, Washington 98104
Phone: (206) 682-6711
Fax:  (206) 682-0401
Email:  msubit@frankfreed.com

*Attorneys for Plaintiff*

COMPLAINT- 7
Case No.

FRANK FREED
SUBIT & THOMAS LLP
Suite 1200 Hoge Building, 705 Second Avenue
Seattle, Washington 98104-1798
(206) 682-6711